# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| E.Q., | No. CV-25-02442-PHX-KML (CDB) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| John Cantu, et al., | |
| Respondents. | |

Petitioner E.Q. initiated this suit by filing a "Petition for Writ of Habeas Corpus and for Writ of Mandamus." (Doc. 1.) E.Q. paid the filing fee for a habeas corpus petition. According to the petition, E.Q. wishes to pursue claims that his removal order is "ultra vires" and his removal to a third country would be unlawful. The petition also asserts a claim for "Mandamus" seeking "an order in the nature of mandamus requiring respondents to provide [E.Q. with a credible fear] interview." (Doc. 1 at 10.) In responding to the petition respondents make numerous arguments, including that E.Q. cannot pursue his claims in habeas. (Doc. 19 at 8-9.) If respondents are correct on that point, the court must consider whether E.Q. should pursue his claims in his other pending litigation.

In *Pinson v. Carvajal*, the Ninth Circuit clarified the scope of claims that may be brought in habeas corpus proceedings. 69 F.4th 1059 (9th Cir. 2023). A claim sounds in habeas corpus only "if a successful petition demonstrates that the detention itself is without legal authorization." *Id.* at 1070 (emphasis in original). "By contrast, claims that if successful would not necessarily lead to the invalidity of the custody are not at the core of

1  habeas corpus," and the court thus lacks jurisdiction to consider them. *Id.* at 1071. In
2  determining whether a claim lies in habeas corpus, "the relevant question is whether, based
3  on the allegations in the petition, release is *legally required* irrespective of the relief
4  requested." *Id.* at 1072 (emphasis in original).

5        E.Q.'s claims challenge aspects of his immigration proceedings but none of them
6  challenge the legality of his detention or—if E.Q. were to prevail—would result in his
7  release from immigration detention. Instead, he would receive certain procedural
8  protections or access to proceedings that may ultimately impact his immigration status. But
9  access to those proceedings does not mandate a certain result or necessarily impact his
10 detention status. It therefore appears likely respondents are correct and § 2241 is not an
11 appropriate vehicle for E.Q.'s claims. E.Q. must file his position on whether any aspect of
12 his petition is cognizable in habeas.

13       Assuming E.Q.'s claims are not cognizable in habeas, the proper vehicle may be an
14 action in the nature of mandamus.[1] 28 U.S.C. § 1361. If that is the proper vehicle, E.Q.
15 would be required to pay the filing and administrative fees for a civil action. 28 U.S.C.
16 § 1914(a), (b). But more importantly, if E.Q.'s claims should be brought using that
17 alternative vehicle, E.Q.'s earlier-filed litigation may be the better forum for him to litigate
18 his claims. The parties must file their positions on whether E.Q. can and should litigate his
19 non-habeas claims in the District of Columbia.

20 /
21 /
22 /
23 /
24 /
25 /
26 /

---

[1] In his reply in support of the motion for a preliminary injunction, E.Q. states the claims he "brings in this case can only be brought in habeas corpus proceedings." (Doc. 17 at 3.) If E.Q.'s claims "can only be brought" in habeas proceedings but are not cognizable in such proceedings, it would appear dismissal is the only option.

Accordingly,

**IT IS THEREFORE ORDERED** no later than **noon** on **August 21, 2025**, E.Q. and respondents shall each file a statement of no more than **five pages**. E.Q. must address whether his claims are cognizable in habeas and both parties must address whether E.Q.'s claims can and should be litigated in his matter pending in the District of Columbia.

Dated this 18th day of August, 2025.

*Krissa M. Lanham*

**Honorable Krissa M. Lanham**
**United States District Judge**