# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| E.Q., | No. CV-25-02442-PHX-KML (CDB) |
| Petitioner, | **ORDER** |
| v. | |
| John Cantu, et al., | |
| Respondents. | |

The court issued an order to show cause why E.Q.'s claims are cognizable in habeas and, if they are not, whether E.Q.'s claims can and should be litigated in his pending matter in the District of Columbia. (Doc. 20.) Both parties filed responses. (Doc. 22, 22.) Upon consideration of the petition and the parties' briefing, the court dismisses this action for lack of jurisdiction.

The parties continue to dispute whether E.Q.'s claims are cognizable in habeas. E.Q. insists his claims are cognizable in habeas but does not distinguish recent Ninth Circuit authority defining a habeas corpus claim as one that "demonstrates that the detention itself is without legal authorization." *Pinson v. Carvajal*, 69 F.4th 1059, 1070 (9th Cir. 2023). Instead, E.Q. appears to believe statutory habeas corpus jurisdiction under 28 U.S.C. § 2241 is not subject to the rule in *Pinson*. Although E.Q. cites cases from decades or centuries ago in support of that proposition, he does not explain how those cases are relevant when considering a Ninth Circuit case from 2023. E.Q. also cites *Trump v. J. G. G.*, 145 S. Ct. 1003, 1005 (2025), as indicating his claims are cognizable in habeas. But the

Supreme Court previously held a claim not requesting "'simple release' but, ultimately the opportunity to remain lawfully in the United States" was not cognizable in habeas. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 119 (2020). To the extent *J.G.G.* conflicts with *Thuraissigiam*'s view of which claims are cognizable in habeas, only the Supreme Court can bring clarity. *See Newsom v. Trump*, 141 F.4th 1032, 1050 (9th Cir. 2025). In short, because E.Q. does not allege his detention is without legal authorization, his claims do not sound in habeas and the court lacks jurisdiction to consider them.

Even assuming the court were to construe E.Q.'s claims under a mandamus standard, they would still be subject to dismissal.[1] E.Q. claims he was not given a lawful credible fear interview in accordance with § 1225(b)(1)(B)(i) and (ii) and additionally seeks review of the denial of CAT relief. *Mendoza-Linares v. Garland*, 51 F.4th 1146 (9th Cir. 2022), however, squarely precludes consideration of both claims. The panel in *Mendoza-Linares* held:

> [Section] [1252](a)(2)(A) . . . prohibits us from exercising jurisdiction over Mendoza-Linares's petition. By challenging the credible fear determination made in Mendoza-Linares' case, and the standards that were employed by the asylum officer and the IJ in applying section 235(b)(1) to him, Mendoza-Linares necessarily asks us to do what the statute forbids us to do, which is to review "the application of such section to [him]." 8 U.S.C. § 1252(a)(2)(A)(iii). **Specifically, his claims that the Transit Bar should not have been applied during his expedited removal proceedings under § 235(b)(1), and that the resulting expedited removal order is legally and factually deficient, necessarily challenge "the application of such section to [him], including the determination made under section 235(b)(1)(B) [8 U.S.C. § 1225(b)(1)(B)]."** *Id.* § 1252(a)(2)(A)(iii); *see also id.* § 1225(b)(1)(B) . . . . Under the plain language of § 242(a)(2)(A)(iii), judicial review of such matters is barred. As we have squarely held, "[j]udicial review of an expedited removal order, including the merits of a credible fear determination, is . . . expressly prohibited by § 1252(a)(2)(A)(iii) [INA § 242(a)(2)(A)(iii)]." *Singh v. Barr*, 982 F.3d 778, 782 (9th Cir. 2020).

*Mendoza-Linares*, 51 F.4th at 1155 (emphasis added). In this case, E.Q. challenges the

---

[1] Neither party clearly addressed whether E.Q. can and should litigate his claims in the District of Columbia. Because the court lacks jurisdiction over the petition, the issue is moot.

application of the Securing the Border Rule and not the Transit Bar, but that is a distinction without a difference. He asks this court to review the standards employed by the asylum officer when conducting his reasonable fear interview. The court is precluded by § 1252(a)(2)(A)(iii) from doing so and as a result, this claim must be dismissed. The same analysis applies to E.Q.'s CAT claim and it too must be dismissed.

Finally, E.Q. challenges his potential removal to a third country. At this juncture, any such claim is speculative as E.Q. has not pointed to any indication he is at imminent risk of third country removal. For purposes of standing, an injury must be "'concrete and particularized,' as well as 'actual or imminent,'" and cannot be 'conjectural or hypothetical.'" *Carney v. Adams*, 592 U.S. 53, 58 (2020) (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992)). E.Q. does not argue or introduce any evidence he is presently at risk of being removed to a third country.

For these reasons, E.Q.'s petition must be dismissed in its entirety.

**IT IS THEREFORE ORDERED** petitioner's petition for writ of habeas corpus is dismissed for lack of jurisdiction. All pending motions (Doc. 14, 16, 24) are **DENIED AS MOOT**. The Clerk of Court must enter judgment accordingly and close this case.

**IT IS FURTHER ORDERED** dissolving the TRO entered on July 29, 2025 and extended on August 12, 2025.

Dated this 25th day of August, 2025.

Honorable Krissa M. Lanham
United States District Judge